United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| AIS DESIGNS CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-0837 |
| | § | |
| J.J.S. CUSTOM BUILT HOMES, | § | |
| INC., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Ownership of a Valid Copyright (Document No. 72); Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Document No. 79); Defendant NextGen Real Estate Properties LLC's Motion for Summary Judgment (Document No. 83); JJS Defendants' Motion for Partial Summary Judgment (Document No. 84); Defendant Connect Realty.com, Inc.'s Motion for Summary Judgment (Document No. 85); and Defendant KKWD, LLC's Motion for Summary Judgment (Document No. 86).

Having considered the motions, submissions, and applicable law, the Court determines that Plaintiff's motion for partial summary judgment on its ownership of a valid copyright should be granted, Plaintiff's motion for partial summary judgment

on Defendants' affirmative defenses should be granted in part and denied in part, and each Defendant's motion should be denied.

## I. BACKGROUND

This is an action for copyright infringement. Plaintiff AIS Designs Co. ("AIS") is the owner of a copyright in an architectural work titled "AIS Designs-Quick Residence" (hereinafter "Copyrighted Design"), a blueprint and architectural design of a custom single-family home. AIS alleges that the defendants named herein infringed its copyright in connection with the permitting, construction and sale of four unauthorized copies of the Copyrighted Design. More specifically, AIS alleges that Defendant JJS Custom Built Homes ("JJS"), and its officers, Defendants Javier Rodriguez, Valleri Salazar, and Jose Salazar (hereinafter "JJS Defendants") built and sold at least four homes based on the Copyrighted Design, located in the Grand Lake Estates neighborhood in Montgomery, Texas without informing AIS. AIS alleges that each of the four homes built by JJS are exact replicas of the Copyrighted Design, demonstrating: (1) striking similarities; (2) factual similarities; (3) substantial similarities; and (4) probative similarities. AIS further alleges that Defendants Connect Realty.com, Inc. ("Connect Realty"), Keller Williams Realty-Woodlands LLC ("KWWD"), and NextGen Real Estate Properties LLC ("NextGen") (hereinafter "the Brokerage Firm Defendants"), enabled and profited

2

from the alleged copyright infringements perpetrated by JJS by serving as sponsoring brokers in connection with the sale of the allegedly infringing homes.

Based on the foregoing, on March 6, 2024, AIS filed this lawsuit against JJS and its Officers, Connect, KKWD, and NextGen, (collectively "Defendants"), alleging copyright infringement against each defendant. AIS seeks: (1) "all profits of the Defendants from the sales of all infringing houses;" and (2) "a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Defendants from further infringement of its copyright."[1]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c);

---

[1] *Plaintiff's Second Amended Complaint*, Document No. 43 at 19.

3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of

4

its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III.  LAW & ANALYSIS

AIS moves for summary judgment on two fronts, contending there is no material question of fact for a jury regarding: (1) whether AIS owned a valid copyright of the architectural design at issue in this case; and (2) the Defendants various affirmative defenses. Each defendant also moves for summary judgment. The Court will consider, in turn, each motion for summary judgment pending before the Court.

*A.    Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Ownership of a Valid Copyright*

AIS seeks summary judgment on the first element of its copyright claim, specifically that it owns a valid copyright for its architectural design plans. AIS contends that it holds a valid copyright and submits to the Court a Certificate of Registration issued by the United States Copyright Office, No. VA 2-350-758, for the architectural work titled "AIS Designs-Quick Residence" effective June 9, 2023.[2]  The Fifth Circuit has made clear that "[o]wnership of a valid copyright is established by proving the originality and copyrightability of the material and

---

[2] *Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Ownership of a Valid Copyright*, Document No. 72, Exhibit 1 (*Certificate of Registration*).

compliance with the statutory formalities." *Norma Robbin & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995).

Only the JJS Defendants and Defendant Connect Realty responded to the motion.[3] The JJS Defendants do not challenge that AIS owns a valid copyright, but rather, contend that the copyright protection afforded to AIS "is thin and does not cover standard functional or design elements," contending that the Court should deny AIS's motion "to the extent that it seeks summary judgment on anything other than the [Copyrighted Design] in its entirety."[4] Connect Realty joins in JJS Defendants' response, conceding that AIS owns a valid copyright. Connect Realty separately contends that individual elements in the allegedly infringing homes are "common" and not individually covered by the AIS copyright.[5] In response, AIS contends that none of the defendants have proffered any summary judgment evidence that any elements of the Copyrighted Design are common or otherwise unprotectable, noting for the Court the irrelevance of the Defendants' arguments as it pertains to whether AIS holds a patent in its architectural work.

---

[3] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

[4] *JJS Defendants' Response to Motion for Partial Summary Judgment*, Document No. 74 at 4.

[5] *Defendant Connect Realty.com, Inc.'s Response to Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Ownership of a Valid Copyright,* Document No. 75 at 2–5.

Based on the foregoing, the Court finds that there is no genuine issue of material fact regarding **solely** whether AIS owns a valid copyright in the work at issue and defers ruling on whether individual elements within the allegedly infringing home are protectable under AIS's copyright. Accordingly, the Court determines that AIS's Motion for Partial Summary Judgment regarding Plaintiff's Ownership of a Valid Copyright should be granted. The Court now addresses AIS's motion for partial summary judgment regarding various affirmative defenses raised by Defendants.

> *B.    Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses*

AIS seeks summary judgment as to each of the twenty defenses asserted by various defendants in this matter.[6] The Brokerage Firm Defendants KWWD, NextGen, and Connect Realty filed responses in opposition to AIS's motion. The Court will consider, in turn, each defense AIS contends no evidence supports.

> *1. License*

AIS contends that JJS Defendants, NextGen, and Connect Realty's asserted defense of receiving an express or implied license from AIS to use the Copyrighted Design is not supported by summary judgment evidence. AIS proffers summary

---

[6] *See Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses*, Document No. 79, Exhibit 1 (*Summary of Affirmative Defenses*).

7

judgment evidence by way of depositions taken of JJS and its officers, showing that the JJS Defendants had no contracts or business relationships with AIS, had never asked AIS to prepare any house design, and never received any express or implied license from AIS to utilize their Copyrighted Design.[7] The JJS Defendants failed to respond to AIS's motion, and NextGen and Connect Realty offer no independent rebuttal to the arguments presented by AIS. Accordingly, the Court finds the affirmative defense of License is unsupported, and grants summary judgment accordingly.

### 2. Standing

The JJS Defendants, NextGen, and Connect Realty assert that AIS does not have standing to bring this case. In response, AIS contends that Defendants offer no evidence of lack of standing and makes reference the statutory authority codified in 17 U.S.C. § 501(b), which allows for the owner of a valid copyright to institute an action for copyright infringement in federal court pursuant to federal question jurisdiction. The Fifth Circuit has made clear that to establish standing under Article III of the Constitution of the United States, a plaintiff must allege and prove (1) an injury in fact, (2) that is traceable to the defendants' conduct, and (3) that can be

---

[7] *See Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses*, Document No. 79, Exhibit 8 (*Jose de Jesus Salazar Deposition*); Exhibit 9 (*Javier Rodriguez Deposition*); Exhibit 10 (*Valleri Salazar Deposition*).

8

redressed by a court. *See Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022) (citing *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 560-61 (1992). Here, the JJS Defendants failed to offer any response to AIS's contention that standing has been established in the present matter. Defendants NextGen and Connect Realty contend that AIS "may lack standing" but offer no summary judgment evidence to substantiate the affirmative defense they seek to raise. Considering the foregoing and Defendants failure to offer any evidence to support the affirmative defense of standing, the Court finds that the defense is unsupported, and grants summary judgment accordingly.

### 3. Lack of Knowledge

NextGen asserts the defense of lack of knowledge, contending that it had "no knowledge, actual or constructive, of any alleged infringement."[8] AIS contends that knowledge is not an element of a cause of action for copyright infringement, and no such affirmative defense of an alleged copyright infringer's lack of knowledge exists. Rather than respond directly to AIS's arguments regarding the lack of knowledge defense, NextGen refers the Court to various briefings related to other pending motions before the Court, none of which include any response or rebuttal to the specific defense of lack of knowledge. Thus, the Court finds that the defense is unsupported, and grants summary judgment accordingly.

---

[8] *NextGen Real Estate Properties' Answer to Second Amended Complaint*, Document No. 56 at 8.

9

### 4. *Independent Creation*

NextGen also asserts the affirmative defense of independent creation, contending that the allegedly infringing homes were creations made independent of AIS's copyrighted design. AIS contends that there is no evidence of independent creation, and proffers summary judgment evidence that the JJS Defendants had access to the Copyrighted Design and submitted exact copies of the Copyrighted Design blueprints to obtain building permits for each of the four houses at issue.[9] Rather than respond directly to AIS's arguments and proffered summary judgment evidence regarding the independent creation defense, NextGen refers the Court to various briefings related to other pending motions before the Court, none of which include any response or rebuttal to the specific defense of independent creation. Thus, the Court finds that the defense is unsupported, and grants summary judgment accordingly.

### 5. *Lack of Notice*

Connect Realty asserts lack of notice as an affirmative defense. AIS makes reference to well established precedent holding that there is no requirement that a copyright owner give any form of notice before filing suit. *See Maverick Recording Co. v. Harper*, 598 F.3d 193, 199 (5th Cir. 2010). AIS also refers the Court to the

---

[9] *See Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses*, Document No. 79, Exhibit 8 (*Jose de Jesus Salazar Deposition*).

Copyrighted Design plans, in which each page displays a copyright notice.[10] Rather than respond directly to AIS's arguments and proffered summary judgment evidence regarding the lack of notice defense, Connect Realty refers the Court to various briefings related to other pending motions before the Court, none of which include any response to the specific defense of lack of notice. Thus, the Court finds that the defense is unsupported, and grants summary judgment accordingly.

### 6. Causation, Liability, and Substantial Similarity

NextGen and Connect Realty also assert the defenses of causation, liability, and substantial similarity. AIS contends that these aforementioned defenses are not actual defenses recognized under the law. An independent review of the record shows that neither Next Gen nor Connect Realty offered any rebuttal to AIS's argument regarding whether these defenses are valid under the law. Thus, the Court finds that the specific affirmative defenses of causation, liability, and substantial similarity are unsupported. However, the Court declines to prohibit Defendants from raising arguments at trial related to: (1) superseding or intervening acts; (2) reasons why liability should be mitigated in the present matter; or (3) any aspect of the elements for a claim of copyright infringement such as the element of substantial similarity.

---

[10] *See Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses*, Document No. 79, Exhibit 5 (*Copyrighted Design Copy*).

11

### 7. Independent Contractor Status and Copyright Protectability

The Court notes there are two outstanding affirmative defenses argued by the Brokerage Firm Defendants in this case, KWWD, NextGen, and Connect Realty. First, the Brokerage Firm Defendants assert that their status as independent contractors in the underlying real estate transactions limit their liability for copyright infringement. Second, the Brokerage Firm Defendants assert that the Copyrighted Design fails to establish protections for individual, common fixtures such as the ones presented in the allegedly infringing homes. The Court notes that these affirmative defenses have been briefed extensively by the parties in relation to the Brokerage Firm Defendants' respective motions for summary judgment discussed herein below. Considering the Court's ruling regarding the Brokerage Firm Defendants motions for summary judgment and the arguments raised therein, the Court determines that Defendants are permitted to raise the affirmative defenses of Independent Contractor Status and Copyright Protectability.

### 8. Remaining Affirmative Defenses

AIS contends that Defendants have either withdrawn or failed to respond to the arguments raised regarding the affirmative defenses of Estoppel, Waiver, Failure to Mitigate Damages, Limitations and Laches, Accord and Satisfaction, Contributory and Comparative Negligence, Improper Service, and Fair Use. An independent review of the record in this case shows that each of the eight

aforementioned affirmative defenses have either been withdrawn or lack a response. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Accordingly, the Court finds the affirmative defenses of Estoppel, Waiver, Failure to Mitigate Damages, Limitations and Laches, Accord and Satisfaction, Contributory and Comparative Negligence, Improper Service, and Fair Use are unsupported, and grants summary judgment accordingly. The Court now addresses the JJS Defendants motion for partial summary judgment.

### C. The JJS Defendants' Motion for Partial Summary Judgment

The JJS Defendants move for partial summary judgment, contending that they did not infringe on AIS's copyright when they built and sold the allegedly infringing homes because those homes are materially different and do not copy the Copyrighted Design. In order to prevail on a claim for copyright infringement, a plaintiff must show that: (1) it owns a valid copyright and (2) a defendant copied the plaintiff's copyrighted materials. *Peel & Co. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). Considering the Court has granted summary judgment with respect to the first element, the ownership of a valid copyright, the sole issue remaining for AIS to prove in this case is whether Defendants copied the Plaintiff's copyrighted materials.

The Fifth Circuit has made clear that in proving the second element of a copyright infringement claim, a plaintiff must show: (1) a factual copying, whether the defendant actually used copyrighted material to make its own work; and (2) a

13

substantial similarity between the works. *See Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994). "Determining whether two works are substantially similar usually requires a side-by-side comparison to identify whether the protected elements and elements in the allegedly infringing work are so alike that a layperson would view the two works as substantially similar." *S. Credentialing Support Servs., LLC v. Hammond Surgical Hosp., LLC*, 946 F.3d 780, 784 (5th Cir. 2020). "A determination that no substantial similarity exists as a matter of law is 'appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression.'" *Rucker v. Harlequin Enters., Ltd.*, 2013 WL 707922 (S.D. Tex. Feb. 26, 2023) (quoting *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004)).

Here, having considered the arguments raised by both AIS and the JJS Defendants, an independent review of the record, and the applicable law, the Court cannot conclude that no reasonable juror could find substantial similarity of ideas and expression between the allegedly infringing homes and the Copyrighted Design. Therefore, the Court determines that the issue of whether Defendants copied the Plaintiff's copyrighted design should be put before a jury, and accordingly, that JJS Defendants' motion for summary judgment should be denied. The Court will now

14

consider the pending summary judgment motions filed by the Brokerage Firm Defendants, KKWD, NextGen, and Connect Realty.

*D. The Brokerage Firm Defendants' Summary Judgment Motions*

AIS alleges that Defendants KKWD, NextGen, and Connect Realty, are liable pursuant to: (1) the Texas Occupations Code § 1101.803; (2) contributory copyright infringement; and (3) vicarious copyright infringement. The Brokerage Firm Defendants each filed motions for summary judgment, contending: (1) the Texas Occupations Code is inapplicable in the present matter; (2) the existence of an independent contractor exception; and (3) a lack of involvement such to limit liability pursuant to contributory or vicarious copyright infringement. In response, AIS offers a plethora of statutory and case law to refute the Brokerage Firm Defendants contentions. Therefore, the Court determines that the issue of whether the Brokerage Firm Defendants are liable should be put before a jury, and accordingly, finds that each of the Brokerage Firm Defendants motions for summary judgment should be denied.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Ownership of a Valid Copyright (Document No. 72) is **GRANTED**. the Court further

15

**ORDERS** that Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Document No. 79) is **GRANTED IN PART** with respect to the affirmative defenses of: (1) License; (2) Standing; (3) Estoppel and Equitable Estoppel; (4) Waiver; (5) Failure to Mitigate Damages; (6) Laches; (7) Accord and Satisfaction; (8) Limitations; (9) Lack of Knowledge; (10) Independent Creation; (11) Contributory and Comparative Negligence; (12) Texas Real Estate License Act; (13) Improper Service; (14) Lack of Notice; (15) Fair Use; (16) Causation; (17) Liability; and (18) Lack of Similarity. The Court further

**ORDERS** that Plaintiff's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Document No. 79) is **DENIED IN PART** with respect to the affirmative defenses of Independent Contractor Status and Copyright Protectability.

**ORDERS** that JJS Defendants' Motion for Partial Summary Judgment (Document No. 84) is **DENIED**. The Court further

**ORDERS** that Defendant NextGen Real Estate Properties LLC's Motion for Summary Judgment is **DENIED** (Document No. 83) The Court further

**ORDERS** that Defendant Connect Realty.com, Inc.'s Motion for Summary Judgment (Document No. 85) is **DENIED**. The Court further

**ORDERS** that Defendant KKWD, LLC's Motion for Summary Judgment (Document No. 86) is **DENIED**. The Court further

16

**ORDERS** that the Parties file an amended joint proposed pretrial order updated in accordance with this order, no later than ten days from the date of this order.

SIGNED at Houston, Texas, on this **13** day of May, 2025.

DAVID HITTNER
United States District Judge