United States District Court
Southern District of Texas
**ENTERED**
September 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIS DESIGNS CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-837 |
| | § | |
| J.J.S. CUSTOM BUILT HOMES, | § | |
| INC., *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the jury verdict rendered on August 18, 2025, the Court hereby

**ORDERS** that pursuant to 17 U.S.C. § 504(b), AIS Designs Co. shall recover

from Defendant J.J.S. Custom Built Homes, Inc. the sum of $278,605.95 plus post-

judgment interest on all unpaid portions of the foregoing at the rate of 3.9 % per

annum, compounded annually, from the date hereof until paid. The Court further

**ORDERS** that pursuant to 17 U.S.C. § 504(b), AIS Designs Co. shall recover

from Defendant Jose de Jesus Salazar the sum of $6,984.00 plus post-judgment

interest on all unpaid portions of the foregoing at the rate of 3.9 % per annum,

compounded annually, from the date hereof until paid. The Court further

**ORDERS** that pursuant to 17 U.S.C. § 504(b) and Tex. Occ. Code §

1101.803, AIS Designs Co. shall recover from Defendant Valleri Salazar the sum of

$553,969.99 plus post-judgment interest on all unpaid portions of the foregoing at

the rate of 3.9 % per annum, compounded annually, from the date hereof until paid. The Court further

**ORDERS** that pursuant to 17 U.S.C. § 504(b) and Tex. Occ. Code § 1101.803, AIS Designs Co. shall recover from Defendant Valleri Salazar the sum of $5,487.20 plus post-judgment interest on all unpaid portions of the foregoing at the rate of 3.9 % per annum, compounded annually, from the date hereof until paid. The Court further

**ORDERS** that pursuant to 17 U.S.C. § 504(b) and Tex. Occ. Code § 1101.803, AIS Designs Co. shall recover from Defendant Valleri Salazar the sum of $10,950.00 plus post-judgment interest on all unpaid portions of the foregoing at the rate of 3.9 % per annum, compounded annually, from the date hereof until paid.

Regarding AIS Designs Co.'s request for a permanent injunction, to obtain such injunctive relief, AIS must show: (1) actual success on the merits; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that the threatened injury outweighs any damage to the defendants; and (4) that the injunction will not disserve the public interest.[1] Having considered the evidence presented at trial and applicable law, the Court hereby **FINDS** that:

---

[1] *See ITT Educ. Servs., Inc. v. Acre*, 533 F.3d 342, 347 (5th Cir. 2008).

2

1. AIS Designs Co. has succeeded on the merits against Defendants J.J.S. Custom Built Homes, Inc., Jose de Jesus Salazar, and Valleri Salazar.

2. No other remedy available at law, such as monetary damages, are adequate to compensate for the threatened injury of future infringement.[2]

3. The threatened injury to AIS Designs Co. of continued infringement outweighs any damage Defendants may face by being required to discontinue and refrain from infringing AIS Designs Co.'s copyright.

4. A permanent injunction would serve the public interest by protecting AIS's copyright.

The Court therefore **FINDS** that AIS Designs Co. has met all the elements entitling it to a permanent injunction. Accordingly, the Court further

**ORDERS** that Defendants J.J.S. Custom Built Homes, Inc., Jose de Jesus Salazar, Valleri Salazar, and each of their respective subsidiaries, parent companies,

---

[2] The Fifth Circuit has made clear that in the context of a copyright dispute, a permanent injunction is appropriate if liability has been established and there is a continuing threat of further infringement. *See Fermata Intern. Melodies v. Champions Golf Club*, 712 F.Supp. 1257, 1262–63 (S.D.Tex.1989), aff'd, 915 F.2d 1567 (5th Cir.1990); *see also Cent. Point Software, Inc. v. Nugent*, 903 F.Supp. 1057, 1060 (E.D.Tex.1995) ("[c]ourts have traditionally granted permanent injunctions where a continuing threat of copyright infringement exists and liability has been established"). Furthermore, Courts across the country have traditionally granted permanent injunctions in copyright cases if liability is established and a continuing threat to the copyright exits. *See National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732–33 (8th Cir.1986) (citing *Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir.1984), *cert.* denied, 471 U.S. 1004, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985)).

affiliated companies, employees, officers, directors, servants, and agents, and all persons in active concert or participation with them who receive actual notice of this order, are permanently enjoined from reproducing or distributing any copies or derivatives of the Quick Residence design. This injunction includes the creation or distribution of plans or marketing materials that are copies or derivatives of the Quick Residence design, as well as the construction, advertising, selling, renting, or offering to sell or rent, any houses that are copies or derivatives of the Quick Residence design. This injunction specifically includes assisting in the offering for sale or the sale of houses in the Grand Lake Estates located at 11412 Dan's Place, 9040 Grand Lake Estates Dr., 8998 Grand Lake Estates Dr., and 15660 Connie Lane by Defendant Valleri Salazar. The Court further

**ORDERS** that pursuant to Federal Rule of Civil Procedure 54(d)(1), AIS Designs Co. shall recover its costs from Defendants J.J.S. Custom Built Homes, Inc., Jose de Jesus Salazar, and Valleri Salazar, jointly and severally.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __4__ day of September, 2025.

DAVID HITTNER
United States District Judge

4