IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIS DESIGNS CO., and AMERICAN TRADITION CUSTOM HOMES, LLC, | § | CIVIL ACTION NO. 4:24-CV-837 |
| Plaintiff, | § | JURY |
| v. | § | |
| J.J.S. CUSTOM BUILT HOMES, INC., JOSE de JESUS SALAZAR, JAVIER RODRIGUEZ, VALLERI SALAZAR, KWWD, LLC d/b/a KELLER WILLIAMS REALTY THE WOODLANDS & MAGNOLIA, NEXTGEN REAL ESTATE PROPERTIES LLC, and CONNECT REALTY.COM, INC. | § | |
| Defendants. | § | |

**DEFENDANT NEXTGEN REAL ESTATE PROPERTIES LLC'S MOTION TO ALTER OR AMEND THE ORDER DENYING MOTION FOR FRCP 68 COSTS**

Pursuant to Fed. R. Civ. P. ("FRCP") 59(e), Defendant NextGen Real Estate Properties LLC ("NextGen") respectfully asks this Court to reconsider its Order (Document No. 194) denying NextGen's Motion for FRCP 68 Costs (Document No. 181).

On July 21, 2025, NextGen served an FRCP 68 Offer of Judgment to Plaintiff AIS Designs Co. ("AIS Designs") in the amount of $41,000. AIS Designs did not accept the offer, proceeded to trial, but failed to recover anything from NextGen. By virtue of recovering less than the amount of NextGen's offer, AIS Designs must pay all costs incurred by NextGen after the offer was made. Significantly, "costs" in

these claims brought by AIS Designs under the Copyright Act also include attorney fees.

NextGen incorporates its original brief (Document No. 181), the Broker Defendants' Rule 54 Motion for Attorney's Fees and Costs (Document No. 183), including Exhibits A-H, and the Broker Defendants' Motion to Alter or Amend Order Denying Motion for Attorney Fees & Costs[1].

## A. NextGen's FRCP 68 Offer of Judgment was valid and effective.

Without advising this Court of clear authority to the contrary, Plaintiff incorrectly asserts that NextGen's Offer of Judgment "did not comply" with Rule 68, thus its motion should be denied.  (Document No. 193 at pgs. 2-3). Both of Plaintiff's arguments are without merit and do not provide a basis to deny NextGen's requested relief.

First, Plaintiff incorrectly claims that NextGen's Offer of Judgment is invalid because it did not state "with the costs the accrued", but this is irrelevant to the validity of the offer and the relief sought in this motion.  As the Supreme Court clearly articulated in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (a case cited in Plaintiff's own opposition to this motion), the court stated that a defendant can make a Rule 68 lump sum offer that does not distinguish between the claim and the costs.  473 U.S. at 6.  The Court explained:

> The critical feature of [the portion of Rule 68 stating that a defendant may make an offer "with costs then accrued"] is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional

---

[1] Also being filed today, November 11, 2025.

amount which in its discretion, it determines to be sufficient to cover the costs....

*Id.* (Emphasis in original).  Accordingly, it is clear that NextGen's offer was valid even if it did not specifically mention costs.

Second, Plaintiff incorrectly claims that NextGen's offer was not valid because it did not address Plaintiff's permanent injunction claim.  Plaintiff makes this assertion based on a misleading statement about the holding of an unpublished case outside of the Fifth Circuit entitled *Shamblin v. Obama for America*, *DNC Services Corp.*, 2014 WL 6686328 (M.D. Fla. Nov. 26, 2014).  Plaintiff states that *Shamblin* held an offer of judgment that did not include the injunctive relief was "not effective" (Document No. 193 at p. 3), but that court made no such statement.  The question before the court in *Shamblin* was whether the Rule 68 offer at issue provided the maximum allowable relief such that (1) there was no longer a case or controversy between the parties (i.e., moot) and (2) the court would be deprived of subject matter jurisdiction as a result.  *Shamblin*, 2014 WL 6686328 at *3-4 (noting that once a defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate).  The *Shamblin* court found that because the Rule 68 offer at issue did not address injunctive relief against the other defendants in the case, it did not provide the "maximum allowable relief" and did not moot Shamblin's claims thereby depriving the court of subject matter jurisdiction.  *Id.* at *6.  Nowhere in *Shamblin* is there any support for Plaintiff's misleading assertion that an Offer of Judgment that does not address injunctive relief is "not a valid Rule 68 offer."

NextGen's Rule 68 offer was valid and effective. Neither of Plaintiff's arguments to the contrary provide any basis upon which to deny NextGen's motion. Accordingly, per Rule 68, Plaintiff "must pay the costs incurred after the offer was made."

3

**B. NextGen, not Plaintiff, was the prevailing party.**

Plaintiff incorrectly claims it was the prevailing party in this litigation by using a Rule 54 analysis. The question before this Court is not what is permissible in terms of costs under Rule 54, but whether NextGen is entitled to attorney fees as a part of "costs" in connection with its Rule 68 offer. As *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) makes clear, where the underlying statute defines costs to include attorney's fees, such fees are properly awarded in connection with a Rule 68 offer that is rejected.

Here, the plain language of 17 U.S.C. § 505, the underlying statute upon which Plaintiff asserted its claims, invalidates Plaintiff's argument that only one party is the prevailing party in this multi-party lawsuit. In relevant part, that statute provides: "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party…the court may also award a reasonable attorney's fee to the prevailing party as a part of the costs." 17 U.S.C. § 505. The plain language of the statute expressly states that "any party" – not one party - may recover costs and that reasonable attorney fees are a part of costs. *Id*. NextGen prevailed against the claims Plaintiff asserted against it. *See* (Document No. 168) (jury verdict in favor of NextGen showing AIS Designs recovered nothing from NextGen). The logical extrapolation of Plaintiff's argument – that only one party can be the prevailing party under 17 U.S.C. § 505 – defies logic because it would mean that if a plaintiff sued four defendants and lost to all four, only one of those defendants could recover attorney fees. This is simply not in accord with the law and with 17 U.S.C. § 505, which expressly allows recovery of costs by any party and for reasonable attorney fees to be a part of those costs. NextGen is the prevailing party on the claims brought by Plaintiff and is entitled to an award of its costs, including its attorney fees.

**C. The relevant factors weigh in favor of awarding NextGen its attorney fees.**

As a threshold issue, the Court's Order Denying NextGen's Rule 68 Motion does not address the *Fogerty v. Fantasy, Inc.* factors as required.  There, the United States Supreme Court held that trial courts considering a discretionary award of attorney's fees to a prevailing party under 17 U.S.C. § 505 must consider relevant factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. 517, 534 n.19 (1994). "[S]uch factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id*.

As to the merits of NextGen's entitlement to attorney fees under the Copyright Act, Plaintiff incorrectly claims NextGen's motion fails to meet the standard for a fee motion because it did not address the *Fogerty* factors. However, Plaintiff neglects the fact that NextGen expressly incorporated "the Broker Defendants' arguments, authorities, lodestar calculations, and declarations concerning the attorney fee and cost issues."  (Document No. 181 at pg. 5).  The Broker Defendants' attorney fee motion addresses the *Fogerty* factors at length.  (Document No. 183 at pgs. 8; 11-15).  NextGen also incorporates the Broker Defendants' Motion to Alter or Amend Order Denying Motion for Attorney's Fees & Costs as if fully set forth herein.  This brief details at length how the *Fogerty* factors cut sharply in favor of an award of attorney fees to NextGen here.

Based on the foregoing, the Court should reconsider its prior order and NextGen should be awarded[2] its attorney fees and costs from July 21, 2025 through

---

[2] As noted in prior briefing, NextGen acknowledges this motion is moot should the Court reconsider its prior order grant the Broker Defendants' Motion for Attorney Fees & Costs.

the termination of this litigation, which total $110,255.50 in attorney fees and $2,661.29 in costs[3].

Dated:  November 11, 2025          BUCHALTER

By: *s/ Michelle Q. Pham*
      Michelle Q. Pham
      Attorney-in-Charge
      State Bar No. 24081099
      Federal I.D. 3894060
      mpham@buchalter.com

      1420 Fifth Avenue, Suite 3100
      Seattle, WA  98101-1337
      Telephone: 206.319.7052
      Fax: 206.855.5239

      *Attorneys for Defendant NextGen Real Estate Properties LLC*

---

[3] Should the Court grant this motion, this total would need to be updated for work performed after NextGen's original Rule 68 motion was filed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served by the Electronic Case Filing (ECF) system for the United States District Court for the Southern District of Texas on all parties registered to receive electronic notices in this case in accordance with the FED. R. CIV. P. 5(d)(1)(B) and local rules for ECF service on this 11th day of November, 2025.

By: *s/ Michelle Q. Pham*
Michelle Q. Pham